UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VALUE8 CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Case No. 2:25-cv-00706 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
FORD MOTOR COMPANY**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Value8 Co., Ltd. ("Plaintiff" or "Value8") makes the following allegations against Defendant Ford Motor Company ("Defendant" or "Ford"):

**INTRODUCTION AND PARTIES**

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Value8, both of which generally relate to systems for managing and communicating information while in a vehicle: United States Patent Nos. 9,930,158 and 11,563,840 (collectively, the "Asserted Patents"). Value8 owns all right, title, and interest in each of the Asserted Patents to file this case.

2. Value8 Co., Ltd. is a company organized and existing under the laws of the state of South Korea, having its place of business at B1 126, 13, Seoun-ro, Seocho-gu, Seoul, Republic of Korea.

3. On information and belief, Defendant Ford is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1 American Road,

Dearborn, Michigan 48126. Ford may be served with process through its registered Texas agent, CT Corp System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

6. On information and belief, Ford maintains its U.S. Central Market Area Office at 5700 Granite Parkway, Suite 1000, Plano, Texas 75024. Ford describes this office as "the principal office of Ford in the State of Texas" where "the decision makers for [Ford] within this state conduct the daily affairs of the organization." *Ford Motor Co. v. Johnson*, 473 S.W.3d 925, 927 (Tex. App.—Dallas 2015, pet. denied).

7. On information and belief, Ford recruits software engineers in Texas. *E.g.*, Exhibit 1, https://fordcareers.dejobs.org/locations/texas/jobs/.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant is registered to do business in Texas. Additionally, upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in

this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,930,158

9. Value8 realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

10. Value8 owns all rights, title, and interest in U.S. Patent No. 9,930,158, titled "Vehicle Immersive Communication System," issued on March 27, 2018 (the "'158 Patent"). A true and correct copy of the '158 Patent is attached as Exhibit 2.

11. On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products that include infotainment and/or entertainment systems with Bluetooth mobile device connection capabilities, such as, *e.g.*, Defendant's Infotainment system with either Ford SYNC 4 or SYNC 3 (the "Accused Instrumentalities" or "Accused Features"), that directly infringe, literally and/or under the doctrine of equivalents, claims of the '158 Patent. These products include, but are not limited to, all variations of Defendant's Ford Maverick, Explorer, Bronco, Super Duty, Ranger, Mustang, Mustang Mach-E, F-150 Lightning, F-150, Expedition, and Escape vehicle models. These products are referred to collectively as the "Accused Products."

12. The infringement of the '158 Patent is also attributable to Defendant. Defendant (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '158 Patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

13. Defendant also knowingly and intentionally induces infringement of claims of the '158 Patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '158 Patent

and the infringing nature of the Accused Products at least as early as when this Complaint was filed. Despite this knowledge of the '158 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '158 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '158 Patent, thereby specifically intending for and inducing its customers to infringe the '158 Patent through its customers' normal and customary use of the Accused Products.

14. The Accused Products satisfy all claim limitations of claims of the '158 Patent. A claim chart comparing independent claim 1 of the '158 Patent to a representative Accused Product is attached as Exhibit 3.

15. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Value8 and are liable for infringement of the '158 Patent pursuant to 35 U.S.C. § 271.

16. As a result of Defendant's infringement of the '158 Patent, Value8 is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 11,563,840

17. Value8 realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. Value8 owns all rights, title, and interest in U.S. Patent No. 11,563,840, titled "Vehicle Immersive Communication System," issued on January 24, 2023 (the "'840 Patent"). A true and correct copy of the '840 Patent is attached as Exhibit 4.

19. On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products that include infotainment and/or entertainment systems with Bluetooth mobile device connection capabilities, such as, *e.g.*, Defendant's Infotainment system with either Ford SYNC 4 or SYNC 3 (the "Accused Instrumentalities" or "Accused Features"), that directly infringe, literally and/or under the doctrine of equivalents, claims of the '840 Patent. These products include, but are not limited to, all variations of Defendant's Ford Maverick, Explorer, Bronco, Super Duty, Ranger, Mustang, Mustang Mach-E, F-150 Lightning, F-150, Expedition, and Escape vehicle models. These products are referred to collectively as the "Accused Products."

20. The infringement of the '840 Patent is also attributable to Defendant. Defendant and/or users of the Accused Products direct and control use of the Accused Products to perform acts that result in infringement the '840 Patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

21. Defendant also knowingly and intentionally induces infringement of claims of the '840 Patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '840 Patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed. Despite this knowledge of the '840 Patent, Defendant continues to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '840 Patent. Defendant does so knowing and intending that their customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the

Accused Products, despite their knowledge of the '840 Patent, thereby specifically intending for and inducing their customers to infringe the '840 Patent through their customers' normal and customary use of the Accused Products.

22.     The Accused Products satisfy all claim limitations of claims of the '840 Patent. A claim chart comparing independent claim 1 of the '840 Patent to a representative Accused Product is attached as Exhibit 5.

23.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Value8 and are liable for infringement of the '840 Patent pursuant to 35 U.S.C. § 271.

24.     As a result of Defendant's infringement of the '840 Patent, Value8 is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Value8 respectfully requests that this Court enter:

a.  A judgment in favor of Value8 that Defendant has infringed, either literally and/or under the doctrine of equivalents, both of the Asserted Patents;

b.  A permanent injunction prohibiting Defendant from further acts of infringement of both of the '158 and '840 Patents;

c.  A judgment and order requiring Defendant to pay Value8 its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of each of the Asserted Patents;

d.  A judgment and order requiring Defendant to provide an accounting and to pay

supplemental damages to Value8, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Value8 its reasonable attorneys' fees against Defendant; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Value8, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 11, 2025

Respectfully submitted,

*/s/ Benjamin Wang*

Benjamin T. Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Andrew D. Weiss
CA State Bar No. 232974
Email: aweiss@raklaw.com
Daniel B. Kolko
CA State Bar No. 341680
Email: dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

*Attorneys for Plaintiff Value8 Co., Ltd.*